## Molaskey et al. v. Crisan et al.

*Benjamin H. Marks*, for plaintiffs.
*Martin E. Cusick*, for defendants.

ROWLEY, P. J., September 7, 1944.—This matter is before the court upon defendants' rule to show cause

why the summons and statement of claim should not be stricken from the record for the reason:

"(1) The defendants are designated as follows: 'Emil Crisan, a minor, by his guardian, Harry Kremis, and Mary Kiefer d/b/a John Kiefer company.' "

Defendant's motion is based upon Rule 2028(c) of the Rules of Civil Procedure, which provides:

"An action in which a minor is the defendant shall be commenced against the minor by name in the manner in which a like action is commenced against an adult."

Previous to the adoption of the Procedural Rules a plaintiff was required, in certain cases, to apply for appointment of a guardian of a minor defendant. The new rules permit a plaintiff to sue the minor by name and authorize service of the original process upon the minor.

The sheriff's return discloses that the instant process was served upon the minor.

Goodrich-Amram Civil Practice, sec. 2028(c)-2, contains the following comment:

"While it is therefore necessary that someone secure the appointment of a representative for the minor defendant prior to verdict and judgment it is not made mandatory that the plaintiff should do so immediately upon commencing the action."

The minor is accorded the right to select a guardian. In the instant case, the minor may yet choose a guardian notwithstanding the appointment made upon application of plaintiff.

We are of the opinion that we would not be warranted in striking off summons and statement of claim because of the manner in which the guardian was appointed.

Leave is expressly granted to the minor to substitute a guardian of his own choosing, and leave is likewise granted to plaintiff to move to amend the names of the parties defendant.

*Order*

And now, September 7, 1944, this matter came on for argument upon defendant's rule to strike off the summons and statement of claim, whereupon, after due consideration, it is ordered, adjudged, and decreed that the rule be discharged.